Ernest M. KERSTEN and the Pioneer Protection Group (a/k/a Kent A. Coxe and Wade S. Leathers), Plaintiffs,

v.

PIONEER HI–BRED INTERNATIONAL, INC., an Iowa Corporation, Defendant.

No. C 85–257.

United States District Court, N.D. Iowa, Cedar Rapids Division.

Nov. 18, 1985.

Ernest M. Kersten, pro se.

Grefe & Sidney, Des Moines, Iowa, for defendant.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

The court has before it plaintiffs' motion for a temporary restraining order.

A hearing was held on this matter on November 11, 1985, at which two of the plaintiffs (Ernest Kersten and Kent Coxe), proceeding pro se, and counsel for defendant were present. At the hearing, the court ordered that because of its time constraints, a temporary restraining order would issue until November 14, 1985, by which time the court would make its formal determination on plaintiffs' motion. After carefully considering the briefs and oral arguments of all parties, the court denies plaintiffs' motion. The temporary restraining order is terminated.

In their motion for a temporary restraining order, plaintiffs argued that defendant's incumbent management was violating 15 U.S.C. §§ 77q(a)(1)–(3) and 78l(g)(1) as well as Iowa Code §§ 496A.14 and 496A.15 by submitting a proposed amendment to the articles of incorporation to be voted on by defendant's shareholders at a meeting to be held on November 12, 1985. Said amendment permits "old" stock to have five votes per share while "new" stock would only have one vote per share until it has been held for three years. The plaintiffs contend that to do this violates both federal and state laws.[1] At the November 11 hearing, the court ordered that the meeting could be held and that the voting could proceed, but that defendant was restrained, if the amendment passed, from filing the amendment with the Secretary of State as required by law. Said vote occurred and the defendant has reported to this court that it was approved by the shareholders.

In determining whether a injunction should be issued, the court is guided by *Dataphase Systems, Inc. v. C L Systems*, 640 F.2d 109 (8th Cir.1981), where the Eighth Circuit Court of Appeals set out the test:

> Whether a(n) ... injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Id.*, at 113.

■ As a general rule, a movant has not established irreparable harm where damages would adequately compensate the movant for the asserted harm. *See ABA Distributors, Inc. v. Adolph Coors Co.*, 661 F.2d 712, 714 (8th Cir.1981). It is the position of the Court that the damages likely to be suffered by plaintiffs, should they prevail at a trial on the merits, are monetary and, therefore, plaintiff has failed to make a showing of irreparable harm. A showing of no irreparable harm is sufficient reason to deny an injunction. *See Dataphase, supra* at 114 n. 9. Nevertheless, even if plaintiffs could not be adequately compensated for harm suffered, a review of the other *Dataphase* factors indicates that the injunction should be terminated.

Defendant argues that it will be injured if an injunction is issued in that it would be required to revise, reprint, and redistribute proxy materials, plus reincurring major legal expenses that in all likelihood could not be recovered from plaintiffs. Further, Pioneer argues that by delaying the filing of the amendment, there would be a greater risk of an intrusion of the type of hostile takeover that Pioneer is trying to avoid by raising a red flag of potential trouble. While the court is not persuaded that Pioneer should prevail because it might have to incur major expenses by delaying the effective date of the amendment, the court does find Pioneer could be substantially harmed by the uncertainty any further delay would cause whether an attempt of hostile takeover surfaced or not. Thus, the court concludes that the injury to defendant if the injunction were to continue is greater than the harm suffered by plaintiffs if the injunction is terminated.

---

**1.** The court has since been informed by counsel for defendant that they received a telegram from plaintiffs now alleging that the vote on this matter was a violation of § 14(a) of the Securities Exchange Act of 1934.

With respect to the third factor to be considered, the probability of whether or not plaintiff will succeed on the merits, the Court notes that it is given little guidance from the Iowa Supreme Court, which has not dealt with the legal issue before this court. The language of Iowa Code § 496A.14, standing by itself, neither permits nor prohibits the type of voting restrictions being challenged. Faced with a similar problem, the Delaware Supreme Court, in *Providence and Worcester Co. v. Baker*, 378 A.2d 121 (Del.Supr.1977), found that its task was one of statutory construction. *Id.* at 122. After reviewing a Delaware statutory section similar to Iowa Code § 496A.14, the Delaware court found it proper to read another Delaware section, which is similar to Iowa Code § 496A.32,[2] in conjunction with the first Delaware section. The Delaware court in *Providence* concluded that it was reasonable to assume that if there was a legislative intent to bar disproportionate voting, it would have been expressed in the statute, and since the court could find no such expression, it found that such amendment was not a violation of the Delaware Code. *Id.* at 124. Still, at least one other court has taken the position that equality of voting power among stockholders of the same class is a basic concept in corporate law. *See Asarco Incorp. v. Court*, 611 F.Supp. 468, 477 (D.C.N.J.1985). Furthermore, there is language in Iowa Code § 496A.15 which appears to support plaintiffs.[3] However, that section concerns the issuance of shares or special classes in series, which is not occurring in the case at bar.

After reviewing the cases cited by both parties, the court finds that many courts have found disproportionate voting in the same class of stock to be prohibited when it has been implemented by the board of directors as opposed to the shareholders. *See Unilever Acquisition Corp. v. Richardson-Vicks, Inc.*, 618 F.Supp. 407 (S.D.N.Y.1985); *Ministar Acquiring Corp. v. A.M.F. Incorp.*, No. 85–3800 (S.D.N.Y. June 7, 1985); *Asarco Incorp. v. Court*, 611 F.Supp. 468 (D.C.N.J.1985). Furthermore, in the comment section for Iowa Code § 496A.14, it is stated that:

> [e]xcept as limited by considerations of public policy or by express statutory provisions, articles may contain any provision of a regulatory or contractual nature which can be agreed upon by the shareholders concerned.

The court finds that since the amendment was approved by vote of the shareholders of defendant, and since the court is unable, at this point, to find express statutory prohibition or violation of public policy, the court is of the present position that the amendment is not specifically prohibited by the Iowa securities laws.

The court notes that there are federal claims also being asserted by plaintiffs. However, at the hearing on this matter, plaintiffs asked to restrict the arguments to their state claims and, therefore, no evidence was taken on the federal claims. As a result, the court is not prepared to make a ruling as to those claims. This court's ruling should in no manner be considered as a determination by the court as to those claims.

**2.** Iowa Code § 496A.32 states in part:
   Each outstanding share, regardless of class, shall be entitled to one vote on each matter submitted to a vote at a meeting of shareholders, *except as may be otherwise provided in the articles of incorporation* (emphasis added).

**3.** Iowa Code § 496A.15 states in part:
   1. If the articles of incorporation so provide, the shares of any preferred or special class may be divided into and issued in series. If the shares of any stock class are to be issued in series, then each series shall be so designated as to distinguish the shares thereof from the shares of all other series and classes. Any or all of the series of any such class and the variations and the relative rights and preferences between different series may be fixed and determined by the articles of incorporation, *but all shares of the same class shall be identical* except as to the following relative rights and preferences, as to which there may be variations between different series:

   \*   \*   \*   \*   \*   \*

   g. Voting rights, if any.
   (Emphasis added).

The court also finds that any public interest that may be served by granting an injunction is clearly outweighed by the other factors.

While this court denies plaintiffs' motion for a temporary restraining order, the court may find as this case develops that the defendant's actions have violated Iowa and/or federal laws.

IT IS HEREBY ORDERED that the temporary restraining order heretofore issued is hereby terminated and canceled.

IT IS FURTHER HEREBY ORDERED that the plaintiffs' bond is released.

IT IS FURTHER HEREBY ORDERED that U.S. Magistrate James Hodges shall promptly set short deadlines for discovery and the filing of additional pleadings and that thereafter this cause shall be promptly heard on the merits.